COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


JUDY ANN WITT

v.   Record No. 0917-95-3                    MEMORANDUM OPINION[*]
                                               PER CURIAM
ROANOKE CITY DEPARTMENT OF SOCIAL SERVICES    NOVEMBER 7, 1995


             FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                    Diane McQ. Strickland, Judge

          (Allen T. Wilson, on brief), for appellant.

          (Alice L. Ekirch, Assistant Commonwealth's
          Attorney, on brief), for appellee.



     Judy Ann Witt appeals the decision of the circuit court

terminating her residual parental rights to her son, Kriss.  Witt

argues that the court did not apply the proper standard of law

under Code § 16.1-283(B) and that the evidence presented by the

Roanoke City Department of Social Services (Department) was

insufficient to support a termination of her parental rights.

Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  Rule 5A:27.

     "When addressing matters concerning a child, including the

termination of a parent's residual parental rights, the paramount

consideration of a trial court is the child's best interests."

Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123,

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

128, 409 S.E.2d 460, 463 (1991). The trial court is vested with broad discretion to make the decisions "'necessary to guard and to foster a child's best interests.'" Id. (citation omitted). When the trial court's decision is based upon evidence heard ore tenus, that decision will not be disturbed on appeal unless plainly wrong or without evidence to support it. Id.

### Standard under Code § 16.1-283(B)

Under Code § 16.1-283(B), clear and convincing evidence that the parent has not "responded to or followed through with appropriate, available and reasonable rehabilitative efforts . . . designed to reduce, eliminate or prevent" the underlying child neglect or abuse is prima facie evidence that the conditions which led to a child's entrustment placement cannot be substantially corrected within a reasonable period of time so as to allow the return of a child to his parent. Kriss was four months old when he was placed in foster care. He had a scratched cornea, two infected eyes, and several abrasions on his face. He also was very dirty. The Department's investigation disclosed that Witt left Kriss in the care of her roommate, a prostitute, while Witt served a jail sentence. The roommate then left Kriss in the home of a third person, who turned Kriss over to the Department.

The record establishes that Witt's lifestyle and method of parenting had not improved following earlier intervention efforts by the Department. Witt made virtually no effort to cooperate

2

with the Department in its efforts to return Kriss to her custody.  The evidence shows the trial court did not apply an incorrect standard of law and did not err in finding that the mother's unwillingness or inability to comply with the Department's offered services demonstrated that the conditions which led to Kriss' placement could not be substantially corrected within a reasonable period of time.

Sufficiency of the Evidence

Witt argues that there was insufficient evidence to support the trial court's decision to terminate her parental rights. Witt specifically argues that the Department failed to offer sufficient appropriate services to help her regain custody of Kriss.  However, the record demonstrates that the Department offered Witt help in obtaining parenting classes, housing, employment, and social security payments.  The Department also tried to impress upon Witt the need to establish stability in her life.  In addition, Witt previously had received parenting training classes, residential assistance, job referrals, and additional support in connection with her older children.

Despite the Department's attempts to assist Witt, she was unwilling or unable to make any necessary changes.  Witt contacted the Department several times while she was incarcerated.  However, Witt waited a month following her release before she notified the Department.  Witt then missed the first scheduled meeting with her year-old son, although she admitted

she received notice of the visitation. In fact, Witt saw Kriss only once after his placement with the Department, despite Department efforts to coordinate biweekly visitation. Witt also made no attempt to follow up on any of the Department's offers of assistance, although she did apply for social security disability benefits through her parole officer.

Clear and convincing evidence established that the Department made appropriate and reasonable rehabilitative efforts to assist Witt reduce or eliminate the neglect and abuse suffered by Kriss, and that Witt was unwilling or unable to substantially correct or eliminate that neglect or abuse.

The evidence indicated that Kriss was "at an optimum age for adoption" and had been with the same foster parents since his placement in foster care at age four months. Kriss will be almost four years old before Witt could begin to establish a stable home for him. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Social Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

4